Filed 1/21/16  P. v. Johnson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JOHNSON,<br><br>    Defendant and Appellant. | B265021<br><br>(Los Angeles County<br>Super. Ct. No. SA088734) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Michael Johnson appeals his conviction and sentence on one count of first degree burglary. We affirm.

An indictment charged Johnson with one count of first degree burglary with a person other than an accomplice present, in violation of Penal Code section 459, and alleged that Johnson had two prior strikes, two prior serious felonies, and six prior prison terms. Johnson pleaded not guilty.

At trial, the victim testified that on September 16, 2014, he was working at home in an "employment startup house" where he lived with his coworkers in a tech company. He heard footsteps and someone jiggled the doorknob to his room. Johnson opened the door, holding some white T-shirts and a screwdriver, looked at the victim for a few seconds, and ran off, dropping what he was holding. The victim chased Johnson out of the front door and up the driveway onto the street, where he caught up with Johnson, who swung at him with his fists. The victim yelled at Johnson, asking him what he was doing in the house and telling Johnson that if he came back to the house and showed the victim nothing was missing, he would not call the police. After arguing, Johnson agreed and they walked back to the house, where a lot of things were out of place, doors that were usually closed were open, and the T-shirts and screwdriver Johnson had been holding were still on the ground. The T-shirts belonged to the victim's roommate, and there was a stack of laptops by the front door. The victim grabbed his cell phone and started taking pictures of Johnson, who ran outside and down the street, covering his face and trying to swat the phone away, and then took the first left turn. The victim went home and called the police and his coworkers. As he waited for his coworkers and the police, another coworker who had been inside in the shower joined the victim outside in the driveway. They saw Johnson at the bottom of the hill, hiding behind a car. Johnson then stood up, saw the victim, waved his arms above his head, and walked away.

The coworkers arrived and saw their rooms had been entered. They went outside and saw a strange car in front of the house and Johnson still at the bottom of the hill. The police arrived and arrested Johnson from where he was hiding from behind some bushes. Johnson said to the victim, "'You said you wouldn't call the police if I came back to the

house.'" The victim identified Johnson at the scene, and the photographs the victim took with his phone were introduced into evidence.

The roommate who had been in the shower corroborated the victim's testimony about the events after he joined the victim in the driveway, and identified Johnson. Two other roommates testified that laptops had been moved out of bedrooms to the front door, and items were disturbed in or taken from other rooms. Both identified Johnson as the man they saw at the bottom of the road.

The jury convicted Johnson of first degree burglary on June 11, 2015, finding true that a person other than an accomplice was in the residence during the offense. After a court trial, the court found true the allegations regarding Johnson's prior convictions. Johnson filed a motion to strike both strikes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The trial court struck one strike. The court sentenced Johnson to serve 19 years in state prison. Johnson filed this timely appeal.

We appointed counsel to represent Johnson on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently. On October 22, 2015, we advised Johnson he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that Johnson's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.          CHANEY, J.

3